United States District Court
Southern District of Texas
**ENTERED**
April 17, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-17-134-1 |
| v. | § | |
| | § | CIVIL ACTION NO. H-22-1461 |
| BOBBY ROUSE | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 117). The Government filed a response in opposition (Docket Entry No. 142), to which defendant filed a reply (Docket Entry No. 145).

Having considered the section 2255 motion, the response, the reply, the record, and the applicable law, the Court DENIES the section 2255 motion for the reasons that follow.

### *Background and Claims*

Defendant pleaded guilty on October 30, 2019, to conspiracy to defraud the United States through the payment and receipt of healthcare kickbacks in violation of 18 U.S.C. § 371, and to engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957. The Court sentenced him to a 120-month term of incarceration, to be followed by a three-year term of supervised release. A judgment of conviction was entered on April 29, 2021. (Docket Entry No. 92.) No appeal was taken.

Defendant filed his section 2255 motion on May 2, 2022, raising claims for ineffective assistance of counsel.  Defendant expressly disavows that he is claiming actual innocence. (Docket Entry No. 145, p. 9.)  The Government argues that habeas relief should be denied, as defendant's claims have no merit.

### *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255:  (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal.  *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990).  If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Nevertheless, a *pro se* litigant is still required to provide sufficient

facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### *Guilty Plea Hearing*

At the plea hearing held October 30, 2019, the Court, defendant, defense counsel, and the prosecutor stated in relevant part on the record in open court as follows:

THE COURT: Have you had enough time to talk to your attorney?

DEFENDANT: Yes, Your Honor.

THE COURT: Are you satisfied with [defense counsel] as your attorney?

DEFENDANT: Yes, Your Honor.

THE COURT: Do you need to ask him any questions or get any advice from him before we go on?

DEFENDANT: No, Your Honor.

THE COURT: During the course of the hearing if at any point you feel like you need to ask your attorney a question or get advice from him, you can do that before you answer my questions. Do you understand?

DEFENDANT: Yes, Your Honor.

THE COURT: All right. [Defense counsel], have you had enough time to investigate the law and the facts of your client's case?

3

DEFENSE COUNSEL: I have, Your Honor.

THE COURT: And are you satisfied that your client understands the charges against him and the range of punishment he faces?

DEFENSE COUNSEL: He does, Your Honor.

THE COURT: Has he been able to fully cooperate with you?

DEFENSE COUNSEL: Yes, Your Honor.

THE COURT: In this case is it your opinion that he is mentally competent to enter a plea of guilty?

DEFENSE COUNSEL: He is, Your Honor.

THE COURT: All right. Thank you.  The Court finds that the defendant knowingly, voluntarily, intelligently and with the advice of his attorney seeks to enter a plea of guilty.

(Docket Entry No. 131, pp. 5–7.)  The Court admonished defendant as to the rights he would relinquish if he pleaded guilty:

THE COURT: Now, if you plead guilty today and I accept your plea, then your guilt will be established and you will not have a trial. Do you understand that?

DEFENDANT: Yes, Your Honor.

THE COURT: Also, by pleading guilty today you are giving up the right to have the facts that are pleaded in the indictment or the facts that affect your sentence proven to a jury or proven beyond a reasonable doubt. Do you understand that?

DEFENDANT: Yes, Your Honor.

THE COURT: Also, by pleading guilty today you are giving up the right to make a number of arguments later on to try and get your

4

> conviction set aside or your sentence set aside or reduced, arguments that you could have made had you gone to trial and been convicted rather than pleading guilty. Do you understand?
>
> DEFENDANT:          Yes, Your Honor.

*Id.*, pp. 9–10.  The Court addressed the two criminal charges against defendant, including elements and proof, and explained the range of punishment for each:

> THE COURT:          Now I assume that you and [defense counsel] have gone over the indictment that is pending against you; is that correct?
>
> DEFENDANT:          Yes, Your Honor.
>
> THE COURT:          And in that indictment, in Count 1 you are charged with conspiracy to pay and receive kickbacks. Do you understand the charge in Count 1?
>
> DEFENDANT:          Yes, Your Honor.
>
> THE COURT:          All right. Now, in order for you to be convicted of that offense the government has to prove the following four things beyond a reasonable doubt: No. 1, that two or more persons made an agreement to commit the crime of healthcare fraud. No. 2, that you knew the unlawful purpose of this agreement. No. 3, that you joined in the agreement willfully, that is, with the intent to further the unlawful purpose. And No. 4, that one of the conspirators during the existence of this conspiracy knowingly committed at least one of the overt acts described in the indictment in order to accomplish some object or purpose of the conspiracy.  So those things have to be proved. Each of those things has to be proved beyond a reasonable doubt for you to be convicted of the offense alleged in Count 1 of the indictment. Do you understand that?
>
> DEFENDANT:          Yes, Your Honor.

5

THE COURT:        Now, if you are convicted of Count 1, the maximum penalty is up to five years in federal prison and a fine of up to $250,000 plus a $100 special assessment. Do you understand that's the maximum penalty?

DEFENDANT:      Yes, Your Honor.

THE COURT:        In addition to that, that offense carries a period of supervised release of three years, which I will explain in just a moment. Count 5 of the indictment charges you with engaging in monetary transactions in property derived from specified unlawful activity. Do you understand the charge in Count 5 of the indictment?

DEFENDANT:      Yes, Your Honor.

THE COURT:        Now, in order for you to be convicted of that offense, the government has to prove the following elements beyond a reasonable doubt. No. 1, that you knowingly engaged in a monetary transaction. No. 2, that the monetary transaction was of a value of greater than $10,000. No. 3, that the monetary transaction involved criminally derived property. No. 4, that the criminally derived property was derived from a specified unlawful activity. No. 5, that you knew that the monetary transaction involved criminally derived property. And finally, that the monetary transaction took place within the United States. The government has to prove each of those elements beyond a reasonable doubt for you to be convicted of the offense alleged in Count 5 of the indictment. Do you understand that?

DEFENDANT:      Yes, Your Honor.

THE COURT:        Now, if you are convicted of that offense, the maximum penalty is up to 10 years in federal prison and a fine of up to $250,000 or twice the amount of the criminally derived property engaged in the transaction, a hundred-dollar special assessment and also three years of supervised release. Do you understand that?

DEFENDANT:      Yes, Your Honor.

6

| | |
|---|---|
| THE COURT: | All right. In addition to that, you would be required to pay restitution in this case. Do you understand? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Is this an agreed amount of restitution? |
| PROSECUTOR: | Yes, Your Honor. 18.8 million is our agreed. |
| THE COURT: | All right.  And the amount of restitution that's been agreed in this case is $18.8 million. Do you understand that? |
| DEFENDANT: | Yes, Your Honor. |

*   *   *   *

| | |
|---|---|
| THE COURT: | All right.  So you understand the nature of the charges pending against you and the range of punishment that you face in this case; is that right? |
| THE DEFENDANT: | Yes, Your Honor. |

*Id.*, 11–14, 15.  The Court further admonished defendant that his plea agreement with the Government did not bind or limit the Court as to its later determination of defendant's sentence:

| | |
|---|---|
| THE COURT: | So there are a couple of things I need to tell you about the plea agreement. I am sure [defense counsel] has probably already gone over this with you. But the most important thing for you to remember is that the plea agreement that you have entered into is with the prosecutors in this case, and this plea agreement does not bind me or restrict me in any way when I determine your sentence later on at the sentencing hearing. You understand that? |
| DEFENDANT: | Yes, Your Honor. |

7

THE COURT:  All right. Today you will decide whether to plea guilty to these two counts of the indictment and sign this plea agreement. But today, obviously, you are not going to know what your sentence is going to be in this case. You understand that?

DEFENDANT:  Yes, Your Honor.

THE COURT:  And despite the fact that you do not know what your sentence is going to be ultimately in this case, you are giving up your right to appeal it, which means that if you're unhappy with the sentence, you are not going to be able to appeal that to a higher court later on. You understand that?

DEFENDANT:  Yes, Your Honor.

*Id.*, pp. 17–18.  The Court emphasized that defendant's sentence would not be determined until later at a second hearing:

THE COURT:  All right. Now, even though I do the sentencing, I have no idea as I sit here today what sentence you are going to receive at the sentencing hearing.  I do not know how the federal sentencing guidelines are going to work in this case, and I will not know until after I review the presentence report. But I will decide all disputed factual and legal issues, and then I will determine the appropriate sentencing guideline range for your case. In doing this I do not use the beyond a reasonable doubt standard that a criminal jury would use, and the rules of evidence do not apply. The sentencing process is much more informal than a trial.  But once I determine what the guideline range is for your case, in other words, what the range of months is that are recommended by these advisory guidelines for you, I am not required automatically to give you a sentence within that range of months. Do you understand that?

DEFENDANT:  Yes, Your Honor.

THE COURT:  I may, if I think that's the appropriate sentence, give you a sentence within that range. However, I have the ability to go

8

|                |                                                                                                                                                                                                                                                                                                                                    |
|----------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                | below the bottom of the guideline range and give you a sentence less than recommended by the advisory guidelines; but I also have the ability to go above the top of the guideline range, and I could give you a sentence in this case all the way up to 10 years in federal prison as a maximum sentence. You understand that? |
| DEFENDANT:     | Yes, Your Honor.                                                                                                                                                                                                                                                                                                                    |
| THE COURT:     | All right. I assume you have talked with [defense counsel] about the sentencing guidelines and how they might apply in your case; is that right?                                                                                                                                                                                     |
| DEFENDANT:     | Yes, Your Honor.                                                                                                                                                                                                                                                                                                                    |
| THE COURT:     | All right. Well, whatever he has told you about the guidelines, how they might apply in your case, perhaps he's even given you some indication of what he thinks your sentence might ultimately be in this case, I want you to understand that none of that is a promise or a guarantee of any kind with respect to your sentence from [defense counsel]. You understand that? |
| DEFENDANT:     | Yes, Your Honor.                                                                                                                                                                                                                                                                                                                    |

*Id.*, pp. 20-21.  The prosecutor then set forth a factual basis for the criminal charges against

defendant:

| PROSECUTOR: | From in or around March, 2005 through May 20, 2012 defendant, along with other indicted co-conspirators, including defendant's co-defendant Steven Houseworth, devised a scheme to defraud Medicare by paying and receiving kickbacks and bribes in exchange for the referral of Medicare beneficiaries for whom Continuum and Westbury would submit false and fraudulent claims to Medicare.  As part of the conspiracy the defendant would and did cause Continuum/Westbury to issue checks to patient advocates and personal care home owners in exchange for the referral of Medicare beneficiaries by those patient advocates and personal care home owners to the |
|-------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|

9

Continuum/Westbury PHP programs. The defendant would and did cause Continuum to issue checks to personal care home owners for bed leases in exchange for the referral of Medicare beneficiaries by those person care home owners to the Continuum PHP program. The defendant would and did cause MFMA to issue checks to personal care home owners for bed leases in exchange for the referral of Medicare beneficiaries by those personal care home owners to the Continuum PHP program. Defendant did knowingly engage in a monetary transaction to a financial institution affecting interstate commerce for criminally derived property of a value greater than $10,000. Such property was derived from specified unlawful activity, which is healthcare fraud. Specifically, on or about March 13, 2012, defendant [defendant] transferred approximately $17,050 from Westbury Community Hospital Wallace State Bank account ending in 7372 to Westbury Community Hospital Wallace State Bank account ending in 3393. The defendant would and did cause Continuum and Westbury to falsely and fraudulently bill Medicare approximately $189 million in total for PHP services allegedly provided its clients referred by patient advocates and did cause Medicare to pay approximately $66 million in total to Medicaid, to Medicare, and Medicaid paid $2.6 million dollars for PHP services allegedly provided to clients referred by patient advocates. And again, our agreement, though, is to the 18.8 million for this defendant, Your Honor.

THE COURT:      *[Defendant], you have heard the government's attorney summarize the facts that she believes the government can prove about you. Are those facts true?*

DEFENDANT:      *Yes, Your Honor.*

THE COURT:      All right. The Court finds that there is a factual basis for the plea.

*Id.*, pp. 22–24 (emphasis added). Defendant then pleaded guilty to the charges, executed the

written plea agreement, and the Court accepted the plea:

10

| | |
|---|---|
| THE COURT: | The Court finds that there is a factual basis for the plea. Let me ask you at this time, sir, what is your plea to the charges against you in Counts 1 and 5 of the indictment, guilty or not guilty? |
| DEFENDANT: | Guilty, Your Honor. |
| THE COURT: | And do you state here in court under oath that each and every allegation in each count, Count 1 and Count 5, are true and correct? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | And are you making this plea of guilty freely and voluntarily? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Has anyone forced you, threatened you, coerced you or done any violence to you or any other person to get you to plead guilty in this case? |
| DEFENDANT: | No, Your Honor. |
| THE COURT: | Are you pleading guilty because of any promise that's been made to you other than what is in your plea agreement? |
| DEFENDANT: | No, Your Honor. |
| THE COURT: | Are you pleading guilty to protect someone else? |
| DEFENDANT: | No, Your Honor. |
| THE COURT: | Are you pleading guilty because you are guilty and for no other reason? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Have you read and do you understand the plea agreement in this case? |

DEFENDANT:       Yes, Your Honor.

THE COURT:      Are you prepared to sign it under oath at this time?

DEFENDANT:       Yes, Your Honor

.

*   *   *   *

THE COURT:      Have you executed this plea agreement freely and voluntarily after having had it fully explained to you to your satisfaction by [defense counsel]?

DEFENDANT:       Yes, Your Honor.

THE COURT:      [Defense counsel], do you know of any reason why your client should not plead guilty to these two counts?

DEFENSE COUNSEL:    No, Your Honor.

*   *   *   *

THE COURT:      These are the Court's findings. I find the defendant is clearly mentally competent and capable of entering an informed plea. I find the plea is supported by independent facts establishing all of the elements of the offense and that the defendant intended to do the acts he committed. I find the defendant's plea of guilty is voluntarily, freely and knowingly made and that the defendant understands the nature of these proceedings and the consequences of his plea of guilty and that this is an informed plea. Therefore, [defendant], I accept your plea of guilty and I find you guilty as charged in Counts 1 and 5 of the indictment.

*Id.*, pp. 24–26.

12

### *Ineffective Assistance of Counsel*

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id*. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally sufficient. *Id*. at 696.

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id*. at 689. To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Id*. at 695–96.

Moreover, "[t]he likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim

13

must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.  Conclusory allegations of deficient performance and prejudice are not sufficient to meet the *Strickland* test.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

When a defendant challenges a guilty plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To satisfy this requirement, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id*.  Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695–96. In this analysis, a defendant's sworn statements made to the Court when a guilty plea is entered carry a strong presumption of verity, and the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The Fifth Circuit has held that because a guilty plea necessarily "admits all the elements of a formal criminal charge," it "waives all non-jurisdictional defects in the proceedings against a defendant." *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir.

1982); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

Defendant contends that trial counsel was ineffective in the following instances.

### *Inaccurate Information as to Money Laundering*

Defendant argues that counsel "provided misleading, incomplete, and inaccurate information as to money laundering." (Docket Entry No. 117, p. 1.) He contends that, had he known that "Medicare approved of a two lockbox arrangement so long as the provider was in control of the receiving lockbox, I would not have pled guilty to money laundering and to paying and receiving kickbacks." *Id.*, p. 2.

Defendant fails to show that Medicare approved such an arrangement, fails to show that the provider was in control of the receiving lockbox, and fails to show that this would have constituted a complete defense to his criminal charges. Because of these failures, defendant presents no credible support for his claim that, but for counsel's alleged deficiency, he would have declined to plead guilty and would have proceeded to trial. Moreover, nothing in the record establishes what information counsel did or did not provide to defendant prior to his guilty plea, and defendant's conclusory assertions are unsupported.

No ineffective assistance of counsel is demonstrated, and defendant's conclusory claim warrants no habeas relief.

### Counsel Failed to Proffer Evidence of Innocence

Defendant next claims that counsel "failed to provide the court and U.S. Attorney with evidence of my actual innocence." (Docket Entry No. 117, p. 2.) According to defendant, counsel should have familiarized himself with all available evidence and filed a motion to dismiss the charges.

Defendant's motion and response present a litany of purported evidence and arguments he claims counsel should have proffered to the Court and the Government. However, nothing in the record shows that counsel and the Government were unaware of these matters. Nor does defendant show that, had counsel filed a motion to dismiss the charges predicated on these matters, the Court would have granted the motion. To the contrary, defendant's arguments focus on numerous details and minutiae of his transactions and business dealings and do not establish his innocence of the charges.

To prevail on his claims of ineffective assistance of counsel, defendant must demonstrate that, had counsel raised the objections proffered by defendant, there is a reasonable probability that the objections would have been granted. *See United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009) (holding that counsel is not deficient for failing to raise a meritless argument); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (holding

that "[counsel] cannot be deficient for failing to press a frivolous point").  Defendant's conclusory allegations do not meet this burden, and no ineffective assistance is shown.

Moreover, defendant's argument raises a pre-plea claim of ineffective assistance that was waived by defendant's guilty plea, and no meritorious basis for habeas relief is shown.

### Counsel's Lack of Due Diligence

In similar fashion, defendant argues that counsel failed to exercise due diligence, in that he did not acquaint himself with all of the available evidence or interview a multitude of potential witnesses listed by defendant in his motion and response.

As with his earlier claims, defendant's argument is conclusory and unsupported in the record.  Nothing in the record establishes what evidence counsel did or did not review, or what potential witnesses he did or did not interview or otherwise investigate.  Moreover, the record does not demonstrate what evidence or testimony these individuals might have provided or how it might have made a difference in this case.  "[W]here the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution."  *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001).  Defendant fails to meet his burden of proof as to deficient performance and actual prejudice, and no ineffective assistance is shown.

Regardless, defendant's argument raises a pre-plea claim of ineffective assistance that was waived by defendant's guilty plea, and no meritorious basis for habeas relief is raised.

17

### *Failure to Object to PSR*

Defendant claims that counsel was ineffective for failing to challenge alleged misstatements in the PSR.  In presenting this claim, defendant states nothing more than, "The Presentence Investigation Report is filled with inaccuracies that would have been caught by counsel performing reasonable due diligence."   (Docket Entry No. 117, pp. 13–14).

Moreover, defendant fails to demonstrate that, but for counsel's failure to raise any particular objection to the PSR, he would have received a lesser sentence. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004).

Defendant's conclusory assertion is insufficient to support a claim for ineffective assistance.  He delineates and proves no specific alleged inaccuracy, and no deficient performance is demonstrated.  Moreover, defendant fails to show that any alleged misstatements led to an increased sentence, and no actual prejudice is established.  No habeas relief is warranted.

### *Lack of Communication*

Defendant next complains that counsel was ineffective in failing to discuss the case with him in an adequate and timely manner.  (Docket Entry No. 117, p. 14.)  Specifically, he claims that counsel did not respond to all of his emails or return all of his telephone calls.

Defendant's claim is refuted by the record, which shows that defendant testified at his plea hearing in open court on the record as follows:

| | |
|---|---|
| THE COURT: | Have you had enough time to talk to your attorney? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Are you satisfied with [defense counsel] as your attorney? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Do you need to ask him any questions or get any advice from him before we go on? |
| DEFENDANT: | No, Your Honor. |
| THE COURT: | During the course of the hearing if at any point you feel like you need to ask your attorney a question or get advice from him, you can do that before you answer my questions. Do you understand? |
| DEFENDANT: | Yes, Your Honor. |

(Docket Entry No. 131, pp. 5–6.)   Defendant further testified that he discussed the

indictment, sentencing procedures, and plea agreement with his attorney.  *Id.*, pp. 11, 17, 21.

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge*

*v. Allison*, 431 U.S. 63, 74 (1977).  Indeed, the Fifth Circuit Court of Appeals affords "great

weight to the defendant's statements at the plea colloquy."  *United States v. Cothran*, 302

F.3d 279, 283–84 (5th Cir. 2002).  Consequently, a defendant will not be permitted to

contradict testimony given under oath at rearraignment or sentencing.  *See United States v.*

*Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998); *United States v. Guzman*, No. 19-10783,

2021 WL 4610124, at *3 (5th Cir. Oct. 6, 2021) (per curiam).

Defendant's conclusory allegations of ineffective assistance are unsupported in the record and fail to overcome the strong presumption of verity. This claim warrants no relief.

### *Supplemental Motion*

Defendant filed a supplemental section 2255 motion (Docket Entry No. 122). The supplemental motion was filed without leave of court and is not an authorized pleading before the Court.

Even assuming the supplemental motion were properly before the Court, it raises no viable claims for habeas relief under section 2255. Defendant again focuses on the sheer volume of purportedly available evidence that the Government and defense counsel did not use, and argues that "the DOJ did not properly vet the information and evidence provided by the Task Force to the DOJ." *Id*., p. 1. Defendant argues that this is "proved" by the Government's post-judgment motion to apply defendant's $5,000.00 appearance bond towards his restitution, because defendant's son had posted the bond. Defendant further argues that the "non-vetted" evidence would have established his innocence, and that defense counsel was ineffective in not "vetting" the information. *Id*., pp. 2–5.

Defendant's convoluted, unsupported, and conclusory arguments fail to establish the unconstitutionality of his conviction and sentence, and provide no basis for granting habeas relief.

### *Evidentiary Hearing*

To any extent defendant requests an evidentiary hearing on his claims for ineffective assistance of counsel, the request is DENIED.  The claims presented in this case can be, and have been, resolved on the basis of the record, and an evidentiary hearing is not required. *See United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009).

### *Conclusion*

Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 117) is DENIED.  A certificate of appealability is DENIED.  The Clerk of Court shall ADMINISTRATIVELY CLOSE defendant's related civil case, *United States v. Rouse*, C.A. No. H-22-1461 (S.D. Tex.).

Signed at Houston, Texas, on April 12, 2023.

Gray H. Miller
Senior United States District Judge